UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  **CV 18-03336 SVW (AFMx)**                               Date: 4/25/2018

Title    **Erwin St Apartments California LLC v. Roni Neal; and Does 1 to 10**

---

Present: The Honorable:  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

|  Paul M. Cruz   |   N/A   |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)    ORDER REMANDING MATTER TO STATE COURT**

On January 22, 2018, Erwin St Apartments California, LLC ("Plaintiff") instituted unlawful detainer proceedings against Roni Neal and Does 1 through 10 ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 21021 Erwin St., Apt. 163, Woodland Hills, CA 91367 (the "Property") that is owned by Plaintiff.  Defendants allegedly entered into a month-to-month tenancy of the Property on November 16, 2017, with rent at $2,465.00 per month.  At the time of the 3-day notice to quit, the rent due by Defendants was allegedly $2,465.00. Plaintiff estimates the fair rental value of the Property as $82.16 per day.  Plaintiff filed an unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit.  Defendants filed an Answer in state court.  Defendants removed the action to this Court on April 20, 2018.  The Notice of Removal asserts federal question jurisdiction in this Court and refers to violation of federal housing and civil rights laws by Plaintiff.  The Notice of Removal at page 8 is also explicit in stating that Defendants are not asserting diversity jurisdiction:  "THIS IS NOT BASED on grounds of diversity of citizenship." (emphasis in original.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

Defendants also allege that jurisdiction exists under 28 U.S.C. §1443(1). "'[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow.'" *JP Morgan Chase Bank, NA v. Reznik*, 2015 WL 5156442 at *2 (C.D. Cal. Sept. 1, 2015) (quoting *Davis v. Super. Ct. of State of Cal.*, 464, F.2d 1272, 1273 (9th Cir. 1972). Attempts to use section 1443(1) as a basis for removal of unlawful detainer actions have been repeatedly rejected by the district courts in California. *See, e.g., JP Morgan Chase Bank, NA, supra; Deo v. Guzman*, 2015 WL 6123735 (E.D. Cal. Oct. 16, 2015); *Bank of America, N.A. v. Amil,* 2013 WL 1283444 at *3 (N.D. Cal. Feb. 1, 2013); *HSBC Bank USA v. Cabal*, 2010 WL 3769092 (S.D. Cal. Sept. 21, 2010). Section 1443(1) provides a two-part test that must be met for removal: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). As to the first prong, Defendants have made reference to a variety of federal statutes and constitutional provisions. Assuming *arguendo* this satisfies the requirement of "explicit statutory enactment protecting equal racial civil rights," the Notice of Removal does not meet the second prong. Defendants have failed to identify any California statute or constitutional provision that commands California courts to ignore their federal rights. *See Patel v. Del Taco, Inc.* 446 F.3d 996, 999 (9th Cir. 2006) (case remanded where defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor . . . to anything that suggests that the state court would not enforce their civil rights in state court proceedings.") The specific state law provisions cited in the Notice of Removal — "California Civil Code procedures authorizing evictions" (cited at page 6), California Civil Code § 2924 (foreclosure statute, cited at page 7) and California Rule of Civil Procedure 367 (real party in interest, cited at page 12) — cannot be read to require California state

courts to disregard federal racial civil rights.  *See JP Morgan Chase Bank, NA* at *2 (citation to California's non-judicial foreclosure and unlawful detainer statutes did not satisfy the "specific and extremely narrow" removal requirements of section 1443).

      Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000.  The Complaint specifically asserts a claim for past due rent of $2,465.00, plus ongoing damages at a rate of $82.16 per day.  Defendants have made no plausible allegations showing how those damages would exceed $75,000.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendants